## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ) | |
| ) | |
| ) | Case No. 05–20146–TLM |
| In re: ) | |
| Gregory Joseph Glinski & ) | |
| Shannon Louise Glinski, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| C.J.L. Estates, L.L.C., an Idaho Limited ) | |
| Liability Co., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Case No. 05-07011-TLM |
| v. ) | |
| ) | |
| Gregory Joseph Glinski & ) | |
| Shannon Louise Glinski, ) | SUMMARY ORDER RE: |
| ) | REQUEST TO DISMISS |
| ) | COMPLAINT |
| ) | |
| Defendants. ) | |
| ) | |

The above named Plaintiff, C.J.L. Estates, LLC ("Plaintiff"), filed a complaint on May

25, 2005, commencing the instant adversary proceeding.[1]  Plaintiff's complaint appears to seek

relief in the nature of denial of the discharge of chapter 7 Debtors and Defendants, Gregory and

Shannon Glinski ("Defendants"), under § 727(a) of the Bankruptcy Code[2] as well as certain

other relief.

---

[1]  The Court has corrected the format of the caption in accord with the Rules and the allegations of the complaint as to Plaintiff's corporate nature.

[2]  *See*, *e.g.*, Doc. No. 1 at 1; *see also* adversary proceeding cover sheet.

Plaintiff's complaint is signed and its cause advanced by Christopher J. Larsen, who the adversary proceeding cover sheet identifies as the President of Plaintiff.  It appears that Mr. Larsen is not an attorney licensed in Idaho much less one admitted to practice before this Court. *Accord*, Doc. No. 5 at 1 (admitting Mr. Larsen is not an attorney).

Only attorneys may appear for and represent legal entities such as corporations, partnerships, and limited liability companies.  *See* LBR 9010.1(e)(3).  This action would be subject to dismissal unless an attorney, admitted before this Court, were to appear on behalf of and for Plaintiff.

Plaintiff apparently learned of the need for counsel.  On June 6, Plaintiff filed a "Motion to Strike Adversary Proceeding No. 05-07011" (the "Motion").  *See* Doc. No. 5.  The Motion states that obtaining an attorney would not be cost effective for Plaintiff given the matters at issue, and it thus wishes to "strike" this adversary proceeding.  *Id.*  The Court views this as a motion "to dismiss."  *See* Fed. R. Bankr. P. 7041 (incorporating Fed. R. Civ. P. 41).  Plaintiff did not set the request for hearing, and instead submitted a proposed form of order to the Court granting its Motion.[3]

No answer has been filed in this adversary proceeding.  Ordinarily, that would allow a plaintiff to dismiss voluntarily without an order of the Court.  *See* Fed. R. Civ. P. 41(a)(1)(i), incorporated by Fed. R. Bankr. P. 7041.  However, this action seeks to deny a discharge to Defendants, and Fed. R. Bankr. P. 7041 specifically provides that such a complaint may not be

---

[3] This Order, while it would grant the request to "strike" the action, also purports to grant other relief, such as finding cause to investigate and ordering the chapter 7 trustee to determine if Defendants told the truth at the § 341(a) meeting and examination and otherwise obeyed the bankruptcy laws.  This form of order (among other things) misconstrues the nature of "striking" or dismissing the action.  If dismissed, the matter is over, and **no** relief will be entered on the complaint.  Whether some sort of relief is appropriate in the chapter 7 case will depend on the pleadings filed therein.  Plaintiff is, of course, free to discuss questions regarding the case with the trustee or the U.S. Trustee.

dismissed at a plaintiff's request without notice to the U. S. Trustee, the chapter 7 trustee and

such other persons as the Court may direct. *Id.* This command is implemented in this District

by LBR 7001.1

The Court concludes that it will treat Plaintiff's Motion as a motion to dismiss filed under

LBR 7001.1(a). The Court will order Plaintiff to file, within ten (10) days of the date of this

Summary Order, the "affidavit" required by LBR 7001.1(b), stating whether any consideration

was received in connection with the dismissal. Plaintiff will serve the Motion and such affidavit

on the U. S. Trustee, the chapter 7 trustee, the Defendants, and their counsel in the chapter 7

case, Milan Miller.[4] Plaintiff will need to file a certificate of service reflecting the fact service

was made.

Such non-Plaintiff parties shall have ten (10) days from the date of Plaintiff's service

within which to file any objection to the dismissal of this adversary proceeding. If no objection

is filed (and if the affidavit reflects no consideration was paid Plaintiff in exchange for the

dismissal), the Court will enter an order dismissing the adversary proceeding. No relief other

than dismissal will be ordered.

DATED: June 30, 2005

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[4]  The Court waives the requirement of LBR 7001.1(d) and will not require service of notice on
all creditors and parties in interest in Debtors' case.

<u>CERTIFICATE RE: SERVICE</u>

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing.  A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Gregory J. Glinski
Shannon L. Glinski
1031 Deer Road
Deary, ID   83823

C. J. L. Estates, L.L.C.
Christopher J. Larsen, President
P.O. Box 3393
Moscow, ID    83843

Case No.  05-07011-TLM

Dated:  June 30, 2005

/s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers